UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) LARESIA D. SYKES, as Special Administrator of the Estate of DESHAWN A. SYKES,

    Plaintiff,

v.

(2) NATHAN G. BERGERHOUSE, and
(3) C.R. ENGLAND, INC.,

    Defendants.

Case No.: CIV-20-333-G
(*formerly Cleveland County District Court; Case No. CJ-2019-727*)

# DEFENDANT C.R. ENGLAND, INC.'S, NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, C.R. England, Inc. (hereinafter "CRE"), hereby removes the above-captioned action from the District Court of Cleveland County, State of Oklahoma, to this Court. In accordance with LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBITS 1-10.**

The removal of this case to federal court is based on the following:

## FACTUAL BACKGROUND

1. This action arises from a December 20, 2017 motor vehicle accident involving DeShawn A. Sykes and Nathan G. Bergerhouse (hereinafter "Bergerhouse). (*See* Amended Petition, ¶1, **EXHIBIT 10.**)

2. Plaintiff alleges that at the time of the accident, Bergerhouse was acting in his capacity as an employee of CRE. (*See* Amended Petition, ¶¶7-8, **EXHIBIT 10.**)

3. Plaintiff asserts common law negligence claims against Bergerhouse. (*See* Amended Petition, ¶1, **EXHIBIT 10.**)

4. Plaintiff's claims against CRE sound in *respondeat superior,* as well as claims of "direct negligence." (*See* Amended Petition, ¶¶8-10, **EXHIBIT 10.**)

5. Plaintiff claims that as a result of the Defendants' alleged negligence, the deceased, DeShawn A. Sykes, sustained bodily injuries, incurred medical expenses, suffered pain and suffering, and incurred property damage. (*See* Amended Petition, ¶12, **EXHIBIT 10.**)

6. On June 10, 2019, DeShawn A. Sykes filed the present action in the District Court of Cleveland County, State of Oklahoma. (*See* Petition, **EXHIBIT 2**.)

7. On July 30, 2019, DeShawn A. Sykes died. Laresia D. Sykes was thereafter appointed Special Administrator of his Estate. (*See* Statement of Death, **EXHIBIT 8.**)

8. On March 2, 2020, an Amended Petition was filed identifying Laresia D. Sykes, as the Plaintiff in this matter in her capacity as Special Administrator of the Estate of DeShawn A. Sykes. (*See* Amended Petition, **EXHIBIT 10**.)

9. In Plaintiff's Amended Petition, she seeks damages in excess of $75,000.00. (*See* Amended Petition, Wherefore Clause, **EXHIBIT 10.**)

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

10. "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a

federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

11. At the time Plaintiff's Amended Petition was filed, federal question jurisdiction did not exist. Specifically, Plaintiff makes no allegations that the Constitution or any federal statute has been violated. (*See* generally, Amended Petition, **EXHIBIT 10.**)

12. However, as demonstrated below, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). More specifically, this action is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent..." 28 U.S.C. § 1332(c)(2).

14. At the time of filing, Plaintiff was a resident and citizen of Canadian County, State of Oklahoma. (*See* Petition for Letters of Special Administration, **EXHIBIT 11**, showing Plaintiff to be a citizen of the State of Oklahoma.)

15. At the time of filing, Bergerhouse was a citizen and resident of the State of Iowa. (*See* Petition, ¶ 3, **EXHIBIT 2.**)

16. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it

has its principal place of business. 28 U.S.C. § 1332(c). While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *See Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010).

17. At the time of filing, CRE was a foreign corporation, incorporated under the laws of the State of Utah with its "nerve center" or "principle place of business" in Utah. (*See* Corporation Details from Utah Secretary of State, **EXHIBIT 12**.) CRE was not a citizen of the State of Oklahoma. (*See* Oklahoma Secretary of State Business Entity Search Results for CRE, **EXHIBIT 13**.)

18. As Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists between the parties.

19. All Defendants join in or consent to this removal.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

20. Diversity jurisdiction also requires that the removing party demonstrate the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. In the instant case, this requirement is also met.

21. The Tenth Circuit has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942). As disclosed by the pleadings, Plaintiff is seeking damages "in excess of $75,000.00." (*See* Amended Petition, Wherefore Clause, **EXHIBIT 10**.)

22. Therefore, based upon the foregoing, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

23. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.

24. CRE was served *via* the Oklahoma Insurance Commissioner on March 11, 2020 (*See* Transmittal Letter from the Oklahoma Insurance Commissioner, dated March 11, 2020, **EXHIBIT 14**.) As such, it has not yet been thirty (30) days since CRE was served with this lawsuit.

25. Additionally, pursuant to the same federal statute, one year has not elapsed since commencement of this action. (*See generally* Petition, filed on June 10, 2019, **EXHIBIT 2**.)

26. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently this action is pending in the District Court in and for Cleveland County, State of Oklahoma. The Western District of Oklahoma includes the County of Cleveland. *See* 28 U.S.C. § 116(c). Therefore, removal to this Court is proper.

27. Pursuant to 28 U.S.C. § 1446(d), CRE will serve written notice of the filing of this Notice of Removal on counsel for Plaintiff, the adverse party. Additionally, a copy of

this notice will be filed with the Clerk of the District Court in and for Cleveland County, State of Oklahoma.

WHEREFORE, Defendant, C.R. England removes this action from the District Court in and for Cleveland County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Paul M. Kolker
Paul M. Kolker, OBA No. 18749
ROBERSON KOLKER COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:   paul@rkcglaw.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 10, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Monty L. Cain, Esquire
    Anthony M. Alfonso, Esquire
    Lauren M. Langford, Esquire

                                              s/ Paul M. Kolker
                                              For the Firm