## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LARESIA D. SYKES, as Special** | ) | |
| **Administrator of the Estate of** | ) | |
| **DeShawn A. Sykes,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-333-G** |
| | ) | |
| **NATHAN G. BERGERHOUSE et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Now before the Court is the Motion for Judgment on the Pleadings (Doc. No. 13) filed by Defendant C.R. England, Inc. ("C.R. England"). Plaintiff Laresia D. Sykes, as Special Administrator of the Estate of DeShawn A. Sykes, has responded (Doc. No. 19), and C.R. England has replied (Doc. No. 20).

### I.   *Background*

In April 2020, Plaintiff filed her Complaint (Doc. No. 1-10) in state court, bringing claims against C.R. England and Nathan G. Bergerhouse ("Bergerhouse"). Defendants jointly filed an Answer (Doc. No. 12-1). The case was then removed to this Court on the basis of diversity jurisdiction (Doc. No. 12).

The Complaint alleges that on or about December 20, 2017, in Canadian County, Oklahoma, Plaintiff's spouse was operating a vehicle that was struck by a commercial motor vehicle driven by Bergerhouse. *See* Compl. ¶ 1. The vehicle driven by Bergerhouse was owned by C.R. England, and Bergerhouse "was acting within the course and scope" of his employment with C.R. England, and with the permission of C.R. England, when the

accident occurred.  *Id.* ¶¶ 4, 6, 7; Answer ¶¶ 4, 6, 7; *see also id.* ¶ 26 ("Agency is not in dispute.").

Plaintiff asserts that C.R. England is responsible for the negligence of Bergerhouse under a theory of respondeat superior.  *See* Compl. ¶ 8.  Plaintiff also asserts that C.R. England "negligently entrusted" Bergerhouse with its commercial motor vehicle and that C.R. England "negligently hired, trained, supervised, and retained" Bergerhouse.  *Id.* ¶¶ 9, 10.  Plaintiff seeks damages for "bodily injuries," "medical expenses," "pain and suffering," and "property damages."  *Id.* ¶ 12.  Plaintiff additionally seeks an award of punitive damages against each Defendant.  *See id.* ¶¶ 13, 14, 15.

II.     *Standard of Review*

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  The Court evaluates the motion under the familiar standard applied to Rule 12(b)(6) motions.  *See Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (citing *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)).  Accordingly, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same."  *Adams v. Jones*, 577 F. App'x 778, 782 (10th Cir. 2014) (internal quotation marks omitted).  "[T]o survive judgment on the pleadings, [the plaintiff] must allege 'a claim to relief that is plausible on its face.'"  *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "To determine whether the claim to relief is 'plausible on its face,' we examine the elements of

the particular claim and review whether the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks omitted).

III.    *Discussion*

C.R. England seeks Rule 12(c) relief with respect to Plaintiff's direct-negligence claims—i.e., her claims for negligent hiring, training, supervision, and retention.[1]

A.    *Whether the Direct-Negligence Claims Are Viable Under Oklahoma Law*

C.R. England argues that Plaintiff's direct-negligence claims are not viable under Oklahoma law.  *See* Def.'s Mot. at 1-19; *see also BancOklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999) ("A federal court sitting in diversity applies the substantive law . . . of the forum state." (internal quotation marks omitted)).  In support, C.R. England cites *Jordan v. Cates*, a case in which a store customer who was involved in a physical altercation with a store employee claimed that the store was liable for the alleged battery "both under the doctrine of *respondeat superior* and for the negligent hiring and retention of" the employee.  *See Jordan*, 935 P.2d 289, 291 (Okla. 1997).  The Oklahoma Supreme Court affirmed the trial court's grant of summary judgment to the store on the issue of negligent hiring and retention, holding: "[T]he negligent-hiring theory imposes no additional liability on the employer where it stipulates its employee was acting within the scope of his employment when the harm-dealing altercation occurred."  *Id.*  The appellate

---

[1] C.R. England does not seek dismissal of Plaintiff's claim for negligence under a respondeat superior theory or of Plaintiff's claim of negligent entrustment.  *See* Def.'s Mot. at 1 n.1.

court explained that "where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine," imposing liability on the employer under any other theory would be "unnecessary and superfluous." *Id.* at 293; *accord N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999) (noting that "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee" "if vicarious liability is not established").

"Federal and state courts have applied [*Jordan*'s] pronouncement" and have disallowed such direct-negligence claims "'with nearly unanimous results.'" *Lyman v. Ayers*, No. 16-CV-161-GKF-TLW, 2016 WL 9223837, at *1 (N.D. Okla. Sept. 6, 2016) (quoting *Beaber v. Stevens Transp., Inc.*, No. CIV-15-382-R, 2015 WL 8074312, at *1 (W.D. Okla. Dec. 4, 2015) (collecting cases)). And "the federal courts in Oklahoma generally have extended *Jordan* to negligence claims." *Cardenas v. Ori*, No. CIV-14-386-R, 2015 WL 2213510, at *2 (W.D. Okla. May 11, 2015).

Plaintiff objects, however, that these many decisions have been reading *Jordan* too broadly. According to Plaintiff, the holding of *Jordan* "is limited to cases involving an intentional tort or battery committed by an employee." Pl.'s Resp. at 13. Plaintiff asserts that the "chronic[] incorrect[ness]" of the courts' "misinterpretation" is clear from a 2004 decision of this Court and a 2018 decision of the Oklahoma Supreme Court. *See id.* at 11-16, 20-21 (citing *Ramiro R. v. J.B. Hunt Transp. Servs., Inc.*, No. CIV-04-1033-M (W.D. Okla. Apr. 8, 2005) (order); *Fox v. Mize*, 428 P.3d 314 (Okla. 2018)).

The cited order in *Ramiro R.* "conclude[s] that the language in *Jordan*'s syllabus referencing the underlying battery demonstrates the Oklahoma Supreme Court's intention

to limit its holding to only intentional torts." *Payne v. Sesley Trucking, LLC*, No. CIV-16-1235-F, 2017 WL 11139577, at *4 n.8 (W.D. Okla. Oct. 24, 2017).  That order is an outlier, however, and its reasoning since has been rejected by this Court.  *Id.* (citing cases).  The undersigned agrees with the approach of these later decisions because, while the *Jordan* Court "clearly limited its holding to those situations where the employer stipulates that liability, if any, would be under the respondeat superior doctrine, it did not simultaneously limit its holding only to intentional torts."  *Id.* (alteration and internal quotation marks omitted); *accord Avery v. Roadrunner Transp. Servs., Inc.*, No. CIV-11-1203-D, 2012 WL 6016899, at *3 (W.D. Okla. Dec. 3, 2012) ("[T]he underlying rationale of *Jordan* . . . applies equally well to negligence actions as it does to cases involving intentional torts."); *Cardenas*, 2015 WL 2213510, at *2 ("[T]he Court cannot conceive of the nature of the tort as dispositive.  There is no logic to the notion that an employer would be directly liable for negligent hiring if its employee acted negligently, but not be liable if it negligently hires a person with a lengthy history of violence and the employee assaults a customer.").

In *Fox*, the Oklahoma Supreme Court "concluded that negligent entrustment cases are separate and distinct from *respondeat superior* negligence liability" and, thus, an "'employer's stipulation that an accident occurred during the course and scope of employment does not, as a matter of law, bar a negligent entrustment claim.'"  *Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 3965010, at *3 n.4 (W.D. Okla. July 13, 2020) (quoting *Fox*, 428 P.3d at 322).  According to Plaintiff, the state-court decision—which includes a footnote stating that "'for now, the holding in *Jordan* is limited to its facts'"—likewise demonstrates that the holding relied upon by C.R.

5

England "does not apply in . . . an ordinary negligence case."  Pl.'s Resp. at 13-14 (quoting *Fox*, 428 P.3d at 322 n.12).

Judges of this Court, however, have specifically rejected the proposition that *Fox* should be applied to limit the reach of *Jordan* or to preclude the entry of judgment on direct-negligence claims such as those raised here.  In *Sinclair*, for example, Judge DiGiusti granted summary judgment to the defendant-employer on the plaintiff's negligent hiring, training, and supervision claims in light of the defendant-employer's concession that its employee "was acting within the scope of his employment":

> The court in *Fox* did not decide whether a negligent hiring claim should be treated differently than a negligent entrustment claim because that issue was not before it.  Further, *Jordan v. Cates* has not been overruled and remains good law, and the Court must follow it.  *See, e.g.*, *Annese v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) (dismissing the plaintiff's negligent hiring claim because *Jordan* has not been overruled); *Thurmond v. CRST Expedited, Inc.*, No. CIV-18-1142-R, 2019 WL 6311996, at *1 (W.D. Okla. Nov. 25, 2019) (maintaining the prior status of the law that a negligent hiring claim is superfluous where an employer stipulates that its employee was acting within the scope of employment at the time of the accident).

*Sinclair*, 2020 WL 3965010, at *3 & n.4.  Similarly, Judge Russell found that "*Jordan* controls" and granted judgment on the pleadings to a trucking company where, as here, the company sought judgment "only as to the negligent hiring, retention, training and supervision claims" and had "stipulated to an agency relationship" with the truck driver. *Njugana v. C.R. England, Inc.*, No. CIV-19-379-R, 2020 WL 6151567, at *3 (W.D. Okla. Oct. 20, 2020).

The undersigned agrees that *Jordan* remains viable.  *See id.* ("Various judges in this district have reiterated the Court's obligation to follow *Jordan* when it is applicable, and

this Court must do the same." (citing cases)).  Accordingly, in light of C.R. England's stipulation as to the employment and agency of its driver, Plaintiff's direct-negligence claims do not plausibly show an entitlement to relief against C.R. England under Oklahoma law.  *See Jordan*, 935 P.2d at 291; *Payne*, 2017 WL 11139577, at *4 n.8; *Sinclair*, 2020 WL 3965010, at *3 & n.4; *see also Sanchez*, 870 F.3d at 1199; Fed. R. Civ. P. 12(c).

### B.   Whether the Direct-Negligence Claims May Be Pursued in the Alternative

Plaintiff argues that she is "entitled to pursue multiple, alternative theories of recovery" pursuant to Rule 8 of the Federal Rules of Civil Procedure.  Pl.'s Resp. at 17 (citing Fed. R. Civ. P. 8(d)(2), (d)(3), (e)).  But Rule 8 merely allows a plaintiff to initially *plead* alternative "statements of a claim"; "[t]he Court . . . is permitted to remove those claims that are superfluous in accordance with Oklahoma law as set forth above."  Fed. R. Civ. P. 8(d)(2); *Cardenas*, 2015 WL 2213510, at *3.

### C.   Whether the Direct-Negligence Claims Are "Subcategory" Elements of Plaintiff's Negligent-Entrustment Claim

Finally, Plaintiff argues that her claims for negligent hiring, training, supervision, and retention are "essentially subcategory elements" of her negligent-entrustment claim. Pl.'s Resp. at 18-20 (citing *Fox*, 428 P.3d at 319-20).  Plaintiff's point here appears to be that she is entitled to discovery regarding C.R. England's hiring, training, and so forth because C.R. England's deficiencies in these areas will be relevant to the pending negligent-entrustment claim.  *See id.* at 20.

Absent any live discovery dispute, the Court declines to address the relevance of these topics to the claims that remain at issue.

CONCLUSION

For the reasons set forth above, Defendant C.R. England, Inc.'s Motion for Judgment on the Pleadings (Doc. No. 13) is GRANTED.  Judgment on Plaintiff's claims against this Defendant for negligent hiring, training, supervision, and retention shall be entered in Defendant's favor at the conclusion of this litigation.

IT IS SO ORDERED this 15th day of March, 2021.

CHARLES B. GOODWIN
United States District Judge