**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LARESIA D. SYKES, as Special Administrator of the Estate of DeShawn A. Sykes,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-20-333-G** |
| **NATHAN G. BERGERHOUSE et al.,** | ) | |
| **Defendants.** | ) | |

# ORDER

Now before the Court are a Motion for Protective Order (Doc. No. 48) filed by Defendant C.R. England, Inc. and a Motion to Compel (Doc. No. 57) filed by Plaintiff Laresia D. Sykes. The Court has considered the parties' arguments as presented in their briefing and in open court on September 9, 2021.

*I. Background*

On September 13, 2021, the Court issued an Order disposing of each Motion in part and reserving ruling in part. *See* Order of Sept. 13, 2021 (Doc. No. 73). Specifically, the Court ordered that as to Defendant's Motion for Protective Order, the Court would reserve ruling on the Defendant's assertion of privilege under 49 U.S.C. § 504(f) as to Topics 3(c) and 3(d), subject to Defendant's ex parte submission to the Court of the following:

1. An affidavit executed by a corporate representative with personal knowledge regarding any use of the disputed information for "a report of an accident occurring in operations of a motor carrier . . . and required by the Secretary [of Transportation]," 49 U.S.C. § 504(f);
2. The relevant documents, with the allegedly privileged portions

highlighted; and

3. Any such "report" of the relevant accident prepared by Defendant pursuant to 49 U.S.C. § 504(f).

Order of Sept. 13, 2021, at 2.

With regard to the Plaintiff's Motion to Compel, the Court likewise reserved ruling as to Request for Production Nos. 9 and 29 "pending the completion of the in camera review outlined above." *Id.* at 3.

*II. Discussion*

Defendant has submitted the Affidavit of Derek Ohata, Defendant's Senior Director of Compliance, along with accompanying exhibits. Exhibit 1 is a copy of the accident register maintained by Defendant. Exhibit 2 presents the results of Defendant's internal accident review, with the allegedly privileged portion highlighted. Exhibit 3 consists of records of driver training undertaken by Defendant Nathan G. Bergerhouse. Exhibit 4 is a record of Defendant Bergerhouse's termination from Defendant's employment, with the allegedly privileged portion highlighted. And Exhibit 5 presents excerpts from Defendant Bergerhouse's deposition.

The statute upon which Defendant relies for its assertion of privilege provides: "No part of a report of an accident occurring in operations of a motor carrier . . . and required by the Secretary [of Transportation] . . . may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation." 49 U.S.C. § 504(f).

Plaintiff first asserts that § 504(f) prohibits admission of documents covered by the statutory privilege into evidence but does not prevent his discovery of the same. *See* Pl.'s

Resp. (Doc. No. 66) at 29-30. The Court disagrees, as the text of the statute specifically precludes *both* "admi[ssion]" *and* "use[]" of the reports in a civil action. 49 U.S.C. § 504(f). Party discovery in this lawsuit is naturally encompassed by the latter category. *See, e.g.*, *Sajda v. Brewton*, 265 F.R.D. 334, 341 (N.D. Ind. 2009). Any documents that fall within the scope of § 504(f)'s protection are therefore off limits for both evidentiary and discovery purposes.

Next, Plaintiff objects that there has been no showing by Defendant that the disputed documents were part of a report that Defendant was "required" to prepare for the Department of Transportation ("DOT"), as required to fall within the scope of § 504(f). *See* Pl.'s Resp. at 26-29. The Court has examined the relevant documents (Defendant's Exhibits 1 through 4) and agrees with Plaintiff in part.

Pursuant to 49 C.F.R. § 390.15, "[m]otor carriers must maintain an accident register for 3 years after the date of each accident" that includes a list of accidents, certain details about each accident, and copies of accident reports. 49 C.F.R. § 390.15(b)(1), (2); *see also id.* § 390.5T (defining "accident"). Defendant's Exhibit 1—its DOT accident register—is therefore a report "required by the Secretary" and protected by statutory privilege. 49 U.S.C. § 504(f); *see Sajda*, 265 F.R.D. at 340-41.

Mr. Ohata's Affidavit reflects that Exhibit 2, the internal accident review, was generated in connection with both the DOT accident register and Defendant's own safety policies. The internal accident review includes information beyond what is required for the accident register and there has been no showing that such additional information has been requested by DOT through an audit or otherwise. *See generally* 49 C.F.R. §

390.15(a)(1) (prescribing that a motor carrier must "[m]ake all records and information pertaining to an accident available" when sought by certain entities as part of a request or investigation). The protection granted by § 504(f) "does not extend to regularly-gathered information that the carrier acquires and uses to fill in the blanks on" a DOT accident register. *Sajda*, 265 F.R.D. at 341. Nor does the statute "extend itself to documents used to generate" the DOT accident reports. *Id.* (finding that "internal investigations by the carrier" are not protected under § 504(f)). Accordingly, Exhibit 2 is not protected by the statutory privilege of 49 U.S.C. § 504(f).

Mr. Ohata's Affidavit concedes the lack of a connection between Defendant Bergerhouse's training records and DOT reporting requirements. Exhibit 3 is therefore not protected under § 504(f).

Finally, there has been no showing that discovery of Defendant Bergerhouse's termination record is precluded by statutory privilege. Further, the Court overrules Defendant's relevance objection. *See* Def.'s Resp. at 10.

CONCLUSION

For the foregoing reasons, the remaining aspects of Defendant C.R. England, Inc.'s Motion for Protective Order (Doc. No. 48) and Plaintiff Laresia D. Sykes' Motion to Compel (Doc. No. 57) are GRANTED IN PART and DENIED IN PART. Specifically, the Court FINDS:

- Defendant's Exhibit 1 is protected by statutory privilege pursuant to 49 U.S.C. § 504(f);
- Defendant's Exhibits 2, 3, and 4 are not protected by statutory privilege; and

- Defendant's objection as to lack of relevance for Exhibit 4 is overruled.

With the exception of the information set forth in Exhibit 1, Defendant's corporate representative "must testify about information known or reasonably available to the organization" regarding Topics 3(c) and 3(d). Fed. R. Civ. P. 30(b)(6). Further, with the exception of Exhibit 1, Defendant shall supply the requested documents to Plaintiff in satisfaction of Request for Production Nos. 9 and 29 within seven days of the date of this Order.

IT IS SO ORDERED this 1st day of November, 2021.

CHARLES B. GOODWIN
United States District Judge