# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARESIA D. SYKES, as Special Administrator of the Estate of DeShawn A. Sykes,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN G. BERGERHOUSE et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-20-333-G<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is a Motion to Compel (Doc. No. 80) filed by Plaintiff Laresia D. Sykes on October 18, 2021. *See* Fed. R. Civ. P. 37(a)(3)(B). Defendant C.R. England, Inc. ("Defendant") has filed a Response (Doc. No. 88) and Plaintiff has replied (Doc. No. 89).

In her Motion, Plaintiff asks that the Court compel responses to five interrogatories and one request for production ("RFP") that Plaintiff has served upon Defendant. Defendant objected to each of these discovery requests in its written answers. *See* Pl.'s Mot. Ex. 1 (Doc. No. 80-1) at 1-5 (Plaintiff's Supplemental Interrogatory Nos. 26, 27, 28, 29, 30 and Supplemental RFP No. 53 and Defendant's objections thereto). Defendant raises additional objections in its Response. *See* Def.'s Resp. at 2-16.

### A. *Federal Rule of Civil Procedure 33(a)(1)*

Rule 33(a)(1) of the Federal Rules of Civil Procedure prescribes that, absent the parties' stipulation or leave of court, "a party may serve on any other party no more than

25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

Defendant first objects that Plaintiff exceeded the limit of Rule 33(a)(1) in serving the disputed Interrogatories (identified as "Supplemental Interrogatories" Nos. 26 through 30) without leave of the Court. *See* Def.'s Resp. at 2, 3; Pl.'s Mot. Ex. 1, at 1-5.

Plaintiff affirmatively states that she served 25 interrogatories on Defendant in June 2021. *See* Pl.'s Mot. at 4. Plaintiff further states that she "then served Interrogatories 26-30" on Defendant. *Id.* at 5. Plaintiff contends, however, that Defendant's objection is unfounded because "this was a simple numbering error." Pl.'s Reply at 2; *accord* Pl.'s Mot. at 1.

Plaintiff's description of the facts undermines her argument that the "Supplemental Interrogatories" were merely misnumbered. Further, Plaintiff has not supplied a complete copy of her interrogatories, which would have permitted the Court to determine how many actually were served upon this Defendant. The Court must conclude that Plaintiff has served more than the permitted 25 interrogatories. Because Plaintiff did not seek leave of Court for the additional discovery, Plaintiff's Motion is subject to denial as to these items on the basis of noncompliance with Federal Rule of Civil Procedure 33(a)(1).

B. *Claims Previously Raised by Plaintiff*

Plaintiff's Complaint alleges that on or about December 20, 2017, in Canadian County, Oklahoma, Plaintiff's spouse was operating a vehicle that was struck by a commercial motor vehicle driven by Defendant Nathan G. Bergerhouse. *See* Compl. ¶ 1 (Doc. No. 1-10). The vehicle driven by Bergerhouse was owned by Defendant, and Bergerhouse "was acting within the course and scope" of his employment with Defendant,

and with the permission of Defendant, when the accident occurred. *Id.* ¶¶ 4, 6, 7; Answer ¶¶ 4, 6, 7 (Doc. No. 12-1).

Plaintiff's Complaint asserted that Defendant is responsible for the negligence of Bergerhouse under a theory of respondeat superior. *See* Compl. ¶ 8. Plaintiff also asserted that Defendant "negligently entrusted" Bergerhouse with its commercial motor vehicle and that Defendant "negligently hired, trained, supervised, and retained" Bergerhouse. *Id.* ¶¶ 9, 10.

Defendant moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure with respect to Plaintiff's direct-negligence claims—i.e., her claims for negligent hiring, training, supervision, and retention. Following briefing, the Court granted Defendant's motion, specifically finding that the direct-negligence claims "do not plausibly show an entitlement to relief against [Defendant] under Oklahoma law." Order of Mar. 15, 2021 (Doc. No. 31) at 7. Accordingly, the Court directed that judgment on Plaintiff's claims "for negligent hiring, training, supervision, and retention shall be entered in Defendant's favor at the conclusion of this litigation." *Id.* at 8.

Despite this express ruling, Plaintiff in her Motion—and in other filings—continues to attempt to rely upon these claims as a basis for propounding discovery. *See* Pl.'s Mot. at 3 & n.2 ("Plaintiff also asserts Defendant, C.R. England, negligently hired, trained, supervised, and retained the Defendant Bergerhouse."). Plaintiff broadly argues, without citation to any supporting authority, that evidence relating to the direct-negligence claims "is also relevant to and may serve as an underlying basis for Plaintiff's negligent entrustment claim" and that her negligent entrustment claim "encompass[es] the same

3

elements as negligent hiring, training, retention and supervision." *Id.* at 4 n.3, 10.

In considering Plaintiff's discovery requests, relevance is to be evaluated solely by reference to the claims that remain at issue in this lawsuit. As noted in the Court's Order of March 15, 2021, Plaintiff's remaining claims are discrete and distinct and are treated as such by the courts applying Oklahoma law. Plaintiff may not pursue discovery from Defendant on the basis of the discovery's relevance to a claim other than one currently pending.

C. The Disputed Discovery Requests

  1. Standard

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also id.* R. 33(a)(2), 34(a)(1).

> Despite the liberal breadth of discovery allowed under the federal rules, the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant. Failure to make even a colorable initial showing as to relevance can doom a motion to compel. Even where a moving party establishes relevance, Rule 26 imposes proportionality limitations on all discovery. *Witt v. GC Services Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014) (the proposed discovery must be proportional to the needs of the case and not unduly burdensome or expensive); FED. R. CIV. P. 26(b)(1).

*Dotson v. Experian Info. Sols., Inc.*, No. CIV-17-575-D, 2019 WL 440588, at *5 (W.D.

Okla. Feb. 4, 2019) (alteration, citation, and internal quotation marks omitted). "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (alteration and internal quotation marks omitted).

　　*2. Discussion*

　　Plaintiff's Supplemental Interrogatory Number No. 26 asks how many of Defendant's commercial drivers "had a motor vehicle crash in the 3 years prior to 12/20/2017" and "disclosed to a DOT Medical Examiner they were taking a prescription medication." Pl.'s Suppl. Interrog. No. 26. Plaintiff's remaining interrogatories ask Defendant to specify as to those drivers: how many "provided a copy [of the prescription] to the Safety manager and had a copy" in their file; "how many prescriptions were banned substances by the FMCSA"; "how many prescriptions contained warnings or cautions about driving and or operating machinery"; and "how many prescriptions contained warnings or cautions that the medication caused drowsiness, sleepiness, tiredness, seizures, hallucinations or loss of consciousness." *Id.* Nos. 27, 28, 29, 30. The disputed RFP asks Defendant to "produce any and all records used and reviewed" to calculate the number of drivers identified in response to Supplemental Interrogatory Nos. 26 through 30. Pl.'s Suppl. RFP No. 53.

　　Defendant objects that Plaintiff's requests would present an undue burden, requiring an audit of "*6,000-plus personnel files* in search of *any* prescription medication . . . taken by *any* driver who was involved in *any* type of motor vehicle accident over a *three-year* time frame." Def.'s Resp. at 2, 3-16. Defendant further argues that Plaintiff's requested

5

discovery is excessively broad and seeks information that is both irrelevant and confidential as to its drivers.  *See id.*

Plaintiff contends "that there appears to be a systemic safety issue with [Defendant] that would allow drivers that are under the influence of prescription medication to be employed and operate commercial motor vehicles."  Pl.'s Mot. at 5.  Plaintiff argues that, given the fact that Bergerhouse was taking a prescribed medication on the date of the accident, Plaintiff should be permitted to pursue such discovery and that Defendant has not sufficiently shown that responding would amount to an undue burden.  *See* Pl.'s Reply at 4-7.

Having reviewed the parties' arguments and the relevant record, the Court concludes that the requested discovery is not "proportional to the needs of the case," considering its "importance . . . in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

First, as to relevance, the evidentiary value of the information being sought is minimal at best.  Plaintiff's claims require her to prove: (1) <u>Respondeat Superior Negligence</u>: Defendant's vicarious liability for Bergerhouse's negligent acts in connection with the December 20, 2017 accident, *see* Compl. ¶ 8; *Fox v. Mize*, 428 P.3d 314, 319 (Okla. 2018); and (2) <u>Negligent Entrustment</u>: Defendant's direct liability for allowing Bergerhouse to operate its commercial motor vehicle when Defendant "know or should have known" that Bergerhouse was "incompetent" to drive that vehicle, Compl. ¶ 9; *see Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 3965010, at *4 (W.D. Okla. July 13, 2020).

As to the respondeat superior claim, Plaintiff asserts that the requested discovery "is directly relevant" because "Bergerhouse's use of [the] prescription drug may explain why he did not see the Plaintiff's vehicle and could have played a role in his inattentive driving." Pl.'s Reply at 4. This is a non sequitur. Plaintiff does not sufficiently explain how looking through Defendant's personnel files for information regarding other drivers and other accidents would shed any light on Bergerhouse's negligence.

As to the negligent entrustment claim, Plaintiff asserts: "This discovery is also relevant to Plaintiff's negligent entrustment claim[] against [Defendant] for allowing its drivers that are under the influence of prescription medication to be employed and operate commercial motor vehicles." *Id.* Plaintiff again fails to connect the import of the requested discovery to what would be required to prove the claim at issue, namely what it would show regarding what Defendant knew or should have known about Bergerhouse. Plaintiff is not seeking relief on any kind of pattern-or-practice claim and has not shown a need for discovery any broader than that "relevant to the claims and defenses" raised in this action. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1192 (10th Cir. 2009) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment). Plaintiff therefore fails to make a "threshold showing of relevance" sufficient to require Defendant "to produce a variety of information which does not reasonably bear upon the issues in the case." *LoganTree LP v. Garmin Int'l, Inc.*, 339 F.R.D. 171, 182 (D. Kan. 2021) (internal quotation marks omitted); *see also Dotson*, 2019 WL 440588, at *5.

Second, as to burden and expense, Defendant plausibly explains that reviewing years of old employee records—plus research into banned prescriptions and medication

side effects—would be a significant undertaking, raising serious confidentiality concerns. *See* Def.'s Resp. at 2-3, 5 ("Defendant is not required by law to maintain this information."). Plaintiff's focus on the broad scope of allowable discovery fails to adequately speak to these objections. *See* Pl.'s Reply at 4-7.

Balancing these considerations, the Court finds that the sought-after information is not proportional to the needs of this case and, specifically, that its minimal relevance is outweighed by the attendant burden and expense upon Defendant. *See* Fed. R. Civ. P. 26(b)(1); *see also Dotson*, 2019 WL 440588, at *5 ("Broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." (internal quotation marks omitted)).

## CONCLUSION

For the reasons stated herein, the Court DENIES Plaintiff's Motion to Compel (Doc. No. 80).

Having considered the relevant record, the Court declines to make an award of related expenses. *See* Fed. R. Civ. P. 37(a)(5)(B).

IT IS SO ORDERED this 14th day of December, 2021.

/s/ Charles B. Goodwin
CHARLES B. GOODWIN
United States District Judge

8